IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TIMOTHY B. FREDRICKSON,       ) | |
| )| |
| Petitioner,       ) | |
| ) | |
| v.       ) | No.  19-cv-4080 |
| ) | |
| DUSTY TERRILL, Sheriff,       ) | |
| ) | |
| Respondent.       ) | |

ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Timothy B. Fredrickson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1).  Fredrickson is currently in federal pretrial detention at the Mercer County Jail, in Aledo, Illinois.  This matter is now before the Court for preliminary review of the § 2241 petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.  For the reasons set forth below, Petitioner's § 2241 Petition (Doc. 1) is SUMMARILY DISMISSED WITH PREJUDICE.

The Court takes judicial notice that Fredrickson has a pending criminal case in the Central District of Illinois before Chief Judge Sara Darrow and is charged with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and (e). <u>United States v. Fredrickson</u>, Case No. 4:17-cr-40032-SLD (C.D. Ill.) (hereinafter "Crim."). He is currently in pretrial detention at the Mercer County Jail, with a trial date set for July 30, 2019.

Fredrickson initially waived a preliminary hearing and consented to detention at a hearing on March 9, 2017. <u>See</u> <u>Crim.</u>, March 9, 2017 Minute Entry. At Fredrickson's request, a bond hearing was held on December 19, 2017. Chief Judge Darrow denied bond. <u>Crim.</u>, Hearing Transcript, d/e 30 at 5-6. After new counsel was appointed for Fredrickson, a Motion for Reconsideration of Detention Order was filed on January 23, 2018. <u>Crim.</u>, d/e 29. The court held a hearing on this motion on February 14, 2018, and Chief Judge Darrow denied the Motion for Reconsideration. <u>Crim</u>., Hearing Transcript., d/e 39 at 44.

On July 9, 2018, Fredrickson filed a pro se notice of appeal of the detention order. <u>Crim.</u>, d/e 44. The Seventh Circuit dismissed

the appeal as untimely, finding that a 14-day time limit applied and that Fredrickson had filed his appeal over four months late. Crim., d/e 58.

On April 16, 2019, Fredrickson filed this pro se Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). He argues that the Seventh Circuit should not have denied his appeal because there is no time limit to appeal bail, and that the Seventh Circuit failed to reach the merits on his claim and instead "side-stepped, ducked, and otherwise dodged" the issues. Fredrickson argues that he was prejudiced in both his bail hearings because the pretrial services report, on which the prosecution and Judge relied, was incorrect and he was unable to view it. Finally, he argues that he has been denied his Sixth Amendment right to counsel because his original counsel allowed his bail hearing to be delayed and failed to appeal the decision. Fredrickson requests that this Court release him on bond and require the Seventh Circuit to enter opinions.

However, neither of Fredrickson's requests for relief are available through a petition for habeas corpus. The Seventh

Circuit has held that a federal pre-trial detainee's request for release can only be considered under the Bail Reform Act, and not under a § 2241 petition for habeas relief. United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987); see also, Reese v. Warden Philadelphia FDC, 904 F.3d 244, 245 (3d Cir. 2018) (holding "federal defendants who seek pretrial release should do so through the means authorized by the Bail Reform Act, not through a separate § 2241 action"). This is because "[f]unneling requests for pretrial relief through the criminal action encourages an orderly, efficient resolution of the issues, maintains respect for the appellate process, and prevents duplication of judicial work and judge-shopping." Reese, 904 F.3d at 247; Falcon v. U.S. Bureau of Prisons, 52 F.3d 137, 139 (7th Cir. 1995) ("It seems to us to go far afield to seek habeas corpus relief which could conceivably interfere with the trial judge's control of the criminal case pending before him."). Accordingly, the Court will not entertain Fredrickson's request for release.

Fredrickson's request that this Court order the Seventh Circuit to enter opinions is also not properly brought through a

petition for habeas corpus.  A petition for a writ of habeas corpus is the proper action "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody."  <u>Graham v. Broglin</u>, 922 F.2d 379, 381 (7th Cir. 1991).  Whether the Seventh Circuit issues an opinion has no bearing on Fredrickson's custody.  Moreover, this Court has no authority to order the Seventh Circuit to do anything.

Accordingly, Petitioner Timothy B. Fredrickson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is SUMMARILY DISMISSED.  This case is CLOSED.

**ENTER: June 6, 2019.**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**